LITTLER MENDELSON, P.C.
MATTHEW E. FARMER, Bar No. 190484
JAMES P. VAN, Bar No. 303853
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile: 559.244.7525
mfarmer@littler.com
jpvan@littler.com

Attorneys for Defendant
EXETER DISTRICT AMBULANCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JENNIFER RIOS, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| EXETER DISTRICT AMBULANCE, TJ FISCHER, and DOES 1 through 10, inclusive, | Action Filed in State Court: 11-28-17<br>Tulare Superior Court Case: 271895 |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF:**

Defendant EXETER DISTRICT AMBULANCE ("Defendant"), by and through the undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of the removal of this lawsuit from the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California.  In support of its Notice of Removal, Defendant respectfully submits to this Honorable Court:

/ / /

/ / /

LITTLER MENDELSON, P C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Notice of Removal

**STATE COURT ACTION**

1.    On November 28, 2017, Plaintiff JENNIFER RIOS ("Plaintiff") filed an action in the Tulare County Superior Court entitled Jennifer Rios v. Exeter District Ambulance, TJ Fischer, and Does 1 through 10, inclusive, Tulare County Case No. 271895 which is attached hereto as Exhibit "A."

2.    Plaintiff's Complaint purports to assert violations of the First and Fourteenth Amendment to the U.S. Constitution and California Labor Code § 1102.5.

3.    Defendant has not filed an Answer to the Complaint, nor otherwise appeared in state court.

**TIMELINESS OF NOTICE OF REMOVAL**

4.    This Notice of Removal is timely.  The notice of removal of a civil action must be filed within thirty days of receiving "through service or otherwise [a] copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b). Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the thirty-day removal period because it "assures defendants adequate time to decide whether to remove an action to federal court." *See Murphy Brothers, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 352-54 (1999). 28 U.S.C. § 1446(b) (emphasis supplied).

5.    This Notice of Removal is timely.  Plaintiff filed her Complaint in the Tulare County Superior Court on November 28, 2017.  Defendant was served on December 7, 2017, thus commencing the thirty-day removal period.  Defendant filed this Notice of Removal on January 5, 2018, within thirty days of the December 7, 2017, date of service.  As such, this Notice of Removal is timely as a matter of law.

**JURISDICTION AND VENUE ARE PROPER**

6.    Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Eastern District of California insofar as Defendant EXETER DISTRICT AMBULANCE conducts business within Tulare

LITTLER MENDELSON, P C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559 244 7500

Notice of Removal                                   2.

1    County, California, which is where Plaintiff was employed, where the instant action
2    was originally filed, and which is within this Court's jurisdiction.

3           7.    As required by 28 U.S.C. § 1446(d), Defendant provided written
4    notice of the filing of this Notice of Removal to Plaintiff. (Defendant's Notice to
5    Adverse Party of Removal to Federal Court, attached as Exhibit "B").

6    ## NOTICE TO THE TULARE COUNTY SUPERIOR COURT

7           8.    Defendant also filed this Notice of Removal with the Clerk of the
8    Tulare County Superior Court. (Notice to State Court of Removal of Civil Action to
9    Federal Court, attached as Exhibit "C").

10    ## FEDERAL QUESTION JURISDICTION

11           9.    This Court has federal question jurisdiction over this action under
12    Section 1331.  Section 1331 confers original jurisdiction on the federal district courts
13    "of all civil actions arising under the Constitution, laws, or treaties of the United
14    States."

15           10.    Original, federal question jurisdiction exists in this Court pursuant
16    to 28 U.S.C. §§ 1331 because the causes of action in Plaintiff's Complaint are brought
17    pursuant to 42 U.S.C. Sections 1983 and 1988. *See* Complaint, ¶¶ 1; *cf. Caterpillar*
18    *Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal jurisdiction exists when federal
19    question presented on face of plaintiff's complaint).

20           WHEREFORE, pursuant to 28 U.S.C. §§1331, 1441, and 1446,
21    Defendant removes this case from the Superior Court of the State of California,
22    County of Tulare, to the United States Court for the Eastern District of California.

23

24

25

26

27

28

LITTLER MENDELSON, P.C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559 244 7500

Notice of Removal         3.

1  Dated:  January  5, 2018                    LITTLER MENDELSON, P.C.

2

3

4                                             By: _____
                                                  MATTHEW E. FARMER
5                                                 JAMES P. VAN
                                                  Attorneys for Defendant
6                                                 EXETER DISTRICT
                                                  AMBULANCE

7
   Firmwide:152104199.1 096377.1000
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno  CA  93704 2225
559 244 7500

Notice of Removal                             4.

# Exhibit A

1  JOHN J. SARSFIELD (SBN 138971)
2  MARGUERITE MELO (SBN 167782)
   LAW OFFICES OF MELO AND SARSFIELD LLP
3  4216 S. Mooney Blvd PMB 136
   Visalia, CA 93277
4  Telephone:  559 732 3000
   Fax:  559 732 3005
5  E-mail:  meloandsarsfield@icloud.com

6  Attorneys for Plaintiff Jennifer Rios

7                    IN THE SUPERIOR COURT
8              IN AND FOR THE COUNTY OF TULARE

9
10  Jennifer Rios,                          )  CASE NO. 271895--
                                            )
11                    Plaintiff,            )  COMPLAINT FOR DAMAGES
                                            )
12                                          )  1)  42 U.S.C. § 1983
13  v.                                      )  2)  LABOR CODE § 1102.5
                                            )
14  Exeter District Ambulance, TJ           )
15  Fischer, and Does 1 through 10,         )
    inclusive,                              )
16                                          )  DEMAND FOR JURY TRIAL
                                            )
17                    Defendants.           )  CASE MANAGEMENT CONFERENCE
                                            )  _____
18                                          )  Hearing Date:  3-28-18
                                            )  Time:          8:30am
19                                          )  Department:    7
20                                          )
                                            )                BRET D. HILLMAN
21                                          )  Assigned to Judicial Officer_____
22                                             For All Purposes
                     JURISDICTION AND VENUE:
23
24      1. This action arises under the Constitution of the United States, particularly the

25  Fourteenth Amendment (incorporating the provisions of the First Amendment), under the laws of

26  the United States, particularly 42 U.S.C. Sections 1983 and 1988, and the Constitution and the

    laws of the State of California, and California Government Labor Code § 1102.5.
27

28

                                            1

    **Complaint for Damages**

1    2. The events that give rise to this Complaint for Damages, arose and occurred within the

2    geographic boundaries and jurisdiction of the County of Tulare, State of California, unless

3    otherwise noted. Therefore, both jurisdiction and venue lie with this Court.

4                                              **PARTIES**

5    3. Plaintiff was at all times relevant herein a paramedic, employed up until the date that

6    she was fired, by Defendant Exeter District Ambulance (EDA). Until the time of her firing, she

7    had worked for EDA for approximately 6 years. Plaintiff was neither a manager nor policy

8    maker for EDA.

9    4. Defendant Exeter District Ambulance (EDA) is a special government district

10   organized and operating under the laws of the State of California, and subject to the provisions of

11   the California State Constitution and the Constitution of the United States. The EDA is governed

12   by a five (5) persons elected board of directors. EDA employs persons such as Plaintiff to

13   provide ambulance and paramedic services to the jurisdiction that it services. The senior non-

14   elected employee of the EDA is the "manager."

15   5. At all times relevant, named but not sued herein, Tony Miller was an elected member

16   of the EDA Board of Directors.

17   6. At all times relevant, Defendant TJ Fischer was the EDA manager. He is the

18   supervisor of Plaintiff and the most senior employee of the EDA. He was at all times relevant

19   herein the "hiring authority" of Plaintiff. The EDA Manager answers to the elected Board of

20   Directors.

21   7. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as

22   DOES 1-10 and therefore sues those Defendants by such fictitious names. Plaintiff will amend

23   this complaint to allege their true names and capacities when the same has been ascertained.

24   Each DOE defendant is responsible in some manner for the acts complained of herein.

25   8. Plaintiff is informed and believes and thereon alleges that at all times relevant to and

26   mentioned herein, Defendants and each of them, were the agents and employees of each of the

27   remaining Defendants, and in doing the things hereinafter alleged, were acting within the course

28

                                                    2

**Complaint for Damages**

1  and scope of their authority as such agents and employees with the permission and consent of

2  their co-Defendants.

3                    **EXHAUSTION OF REMEDIES/ADMINISTRATIVE CLAIM**

4          9.       On July 20, 2017, Plaintiff timely submitted a government claim with the Exeter

5  District Ambulance for the acts and omissions complained herein. The claim was rejected by

6  operation of law, as no response was received after 45 days. (See Exhibit A attached hereto).

7                       **FACTS COMMON TO ALL CAUSES OF ACTION**

8          10.      Plaintiff was until her firing an employee of the Exeter District Ambulance

9  (EDA). EDA is a governmental agency subject to the provisions of the Constitutions of the

10  United States and the State of California, as well as the laws of the United States and the State of

11  California.

12         11.      She was employed by EDA from roughly August 2010 until she was fired on/

13  about June 30, 2017. She was employed as a paramedic for the EDA.

14
15         12.      On or about January 30, 2017, Plaintiff filed a formal complaint with the then

16  president/presiding board member of the EDA, Allen Sherer. The complaint reported to Board

17  President Sherer Plaintiff's belief that EDA board member Tony Miller had violated the law in

18  regards to the EDA.

19
20         13.      Specifically, on/about January 30, 2017, Plaintiff witnessed board member Tony

21  Miller removing what she believed to be personnel files from the EDA office. Theft of

22  governmental files is a violation of the criminal law. Plaintiff reported her observation (and what

23  she believed to be a violation of the criminal law) to EDA board president Sherer when she met

24  with him in early February 2017. During that meeting, Mr. Sherer acknowledged that board
25
26  member Miller had no legal authority to remove files from the EDA premises, or words to the

27  effect.

28

                                              3

**Complaint for Damages**

1       14.    Throughout the month of February 2017, Plaintiff also spoke with Mr. Sherer on

2    repeated occasions about what she believed was illegal harassment being done by board member

3    Tony Miller towards herself and others employed at the EDA. Mr. Sherer stated to her on

4    multiple occasions words to the effect that she should be patient and that they were "working on

5
     things."
6

7       15.    On or about May 6, 2017, at approximately 9:30 am, Plaintiff was contacted by

8    Casey Randall, a Paramedic shift supervisor at EDA. She (Ms. Randall) reported to Plaintiff that

9    the EDA's supply of narcotics (controlled substances) were gone from the safe. Plaintiff advised
10
     her to report what Plaintiff believed to be a theft of narcotics to the police. Ms. Randall did so.
11

12      16.    The following week, Plaintiff was interviewed by Detective Phelps from the

13   Exeter Police Department in regards to the apparent theft of narcotics from the EDA safe.

14
     Plaintiff told the detective words to the effect:
15

16              "that at a recent EDA board meeting Mr Miller made a huge deal about
17          there being a security issues. So big that it was odd. I (Plaintiff) stated to
            Mr Phelps that I worked the following Monday and Tuesday May 1 and 2
18          and that my partner and I had slept all night and did not get many calls but
            I believed it would be easy to pull the security records to see that a
19          security code would have been punched in one of those nights and that *I
            was certain that it was Mr Miller and Mrs Linda Miller* because she
20          (referring to Mrs. Miller) was an expert at getting inside that safe which
            was difficult to open even with the code. I stated to him that she was asked
21          to open the safe every time Lifestar Manager Jackie Paul needed to get in
22          to the safe and that she also knew how to get into the locked doors with a
            credit card and that I had seen her do it when supply door had gotten
23          inadvertently locked."
24

25

26      17.    Following Plaintiff's interview with the police regarding the theft of narcotics and

27   her belief that board member Mr. Tony Miller had committed the crime, the interim district

28
                                                   4

**Complaint for Damages**

administrator/manager for the EDA, Defendant TJ Fischer, reported to Plaintiff that board member Tony Miller had "directed" him to re-open an investigation against Plaintiff regarding some alleged misconduct that had supposedly occurred in 2016. (Plaintiff had already been subjected to an investigation into that matter and "cleared."). Defendant TJ Fischer indicated in this conversation with Plaintiff that board member Tony Miller was looking for any reason to fire Ms. Rios, or words to that effect.

18.   On or about May 23, 2017, at the EDA monthly board meeting, Board Member Tony Miller responded to an election recall notice that had been filed against him. In his response, he indicated that he was aware of the allegations that he had illegally removed files from the office in January 2017, or words to that effect.

19.   On June 30, 2017, Plaintiff was summoned to interim manager TJ Fischer's office and told that the "board" had directed him to fire her. He stated words to the effect, "You are an at will employee and your services are no longer needed." On information and belief, this order to fire Plaintiff was made by in retaliation for Plaintiff reporting to the police her belief that board member Miller had stolen the missing narcotics.

20.   On information and belief, EDA, through the actions and direction of the board members (as carried out by interim manager TJ Fischer) terminated Ms. Rios' employment in retaliation for her reporting her belief to the government (both to the EDA-board president Sherer and to the local police) that Mr. Miller had engaged in criminal wrongdoing and other violations of the law.

5

**Complaint for Damages**

21.    The decision to fire Plaintiff was made by the highest and final policy maker of the EDA in coordination and consultation with the board of directors of the EDA, and as such constitutes an official policy or practice.

### FIRST CAUSE OF ACTION
### (As to Defendants Exeter District Ambulance and TJ Fischer)
### (42 U.S.C. Section 1983 Violation of the First and Fourteenth Amendment to the US Constitution and Monell Violation)

22.    All of the above Paragraphs are incorporated by reference in this paragraph as if fully set forth herein.

23.    Defendant TJ Fischer was at all times relevant to this action, the Manager of the EDA and the highest ranking employee. He was the senior most policy maker and the hiring authority of Plaintiff. His work-place decisions have the force and effect of official policy for the EDA. As the hiring authority/agency head, he had ultimate responsibility for initiating and imposing job discipline on Plaintiff. In his capacity as the agency head of the EDA he is subject to the laws of the United States, the State of California, and the Constitutions of the United States and the State of California. He was at acting under color of authority and state law at all times relevant herein. When initiating and imposing workplace discipline or terminating Plaintiff's employment with EDA, Defendant TJ Fischer is bound and constrained by the the laws of the State of California, the Constitution of the State of California, and the United States Constitution.

24.    The actions of Defendants TJ Fischer and EDA as described in the paragraphs above, including the termination of Plaintiff's employment for reporting to the police her belief that a theft of narcotics had occurred from EDA, and that board member Miller was the person who had committed the theft, and that board member Miller had been engaged in workplace harassment, were designed to punish Plaintiff for her legally privileged statements and communications that are guaranteed under the First and Fourteenth Amendments to the United States Constitution, and comparable sections of the California Constitution.

6

**Complaint for Damages**

25.    Further, the actions by Defendant Fischer was designed to punish and retaliate against Plaintiff for her exercising her (Plaintiff's) rights under the Free Speech Clause and the Petition Clause of the First Amendment of the United States Constitution, when Plaintiff objected to the harassment by board member Miller within the EDA, as well as the report of the crimes that occurred at the EDA.

26.    In committing the foregoing acts and omissions, Defendant TJ Fischer has been guilty of oppression, fraud, and/or malice under California Civil Code Section 3294, thereby entitling Plaintiff to punitive damages in a a sum appropriate to punish and make an example of him. All of Defendants' actions were violative of 42 USC § 1983.

27.    That as a proximate result of said actions and omissions, Plaintiff was harmed and suffered and will continue to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss according to proof. The amount of Plaintiff's damages will be ascertained at trial.

### SECOND CAUSE OF ACTION
### (As to Defendant Exeter District Ambulance, Only)
### (Retaliation in Violation of Labor Code § 1102.5)

28.    All of the above Paragraphs are incorporated by reference in this paragraph as if fully set forth herein.

29.    Defendant EDA retaliated against Plaintiff for objecting to, reporting and complaining about the illegal criminal conduct in the workplace, and specifically by board member Miller, as set forth in the above paragraphs.

29.    That as a proximate result of said actions and omissions, Plaintiff was harmed and suffered and will continue to suffer damages in terms of lost wages, lost benefits, and other pecuniary loss according to proof. The amount of Plaintiff's damages will be ascertained at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

7

**Complaint for Damages**

On account of all Causes of Action,

Compensatory damages according to proof for each cause of action for which such damages are available.

General damages according to proof on each cause of action for which such damages are available.

Special damages according to proof on each cause of action for which such damages are available.

For punitive damages, according to proof on each cause of action for which such damages are available as to Defendant TJ Fischer only.

For prejudgment interest and post-judgment interest according to law.

///

///

///

///

///

///

8

**Complaint for Damages**

1        For reasonable attorneys' fees incurred in this action pursuant to 18 USC § 1988 and

2    other law.

3        For costs of suit incurred herein

4
         For such other and further relief the Court deems just and proper.
5

6

7    Dated: 11/28/2017                    LAW OFFICES OF MELO AND SARSFIELD LLP
                                          Attorneys for Plaintiff,
8                                         Jennifer Rios

9
                              By:    _Marguerite Melo_____
10                                   Marguerite Melo, Esq.

11

12

13

14

15                          **DEMAND FOR JURY TRIAL**

16
         Plaintiff hereby demands trial by jury.
17

18   Dated: 11/28/2017                    LAW OFFICES OF MELO AND SARSFIELD LLP
                                          Attorneys for Plaintiff,
19                                        Jennifer Rios

20
                              By:    _Marguerite Melo_____
21                                   Marguerite Melo, Esq.

22

23

24

25

26

27

28

                                        9

**Complaint for Damages**

Exhibit "A"



PMB 136
Visalia, California 93277

**LAW OFFICES OF MELO AND
SARSFIELD LLP**

T (559) 732-3000
F (559) 732-3005

Email
meloandsarsfield@icloud.com

Web Address:
melo-sarsfieldlaw.com

July 20, 2017

Exeter Ambulance District
Attn: Clerk to the Board of Directors and Members of the Board of Directors
Attn: Manager TJ Fischer
Attn: District Legal Counsel
302 E. Palm St.
Exeter, CA 93221

Delivered by Hand

   Re: Government Code Section 910 Claim on behalf of Jennifer Rios

Dear Clerk to the Board of Directors, Members of the Board of Directors, Manager, and
Legal Counsel for the Exeter Ambulance District:

This claim is submitted on behalf of our client, Ms.Jennifer Rios.

The last day that a claim may be filed in this matter is on/about December 30, 2017.

The following information is submitted on information and belief pursuant to the applicable
provisions of the California Government Code (GC). The required information is set forth
below:

**GC Section 910(a)  Name of Claimant and Post Office Address:**

Ms. Jennifer Rios, in care of Law Offices of Melo and Sarsfield, LLP, 4216 S. Mooney Blvd,
PMB 136, Visalia CA 93277

**Name of Claimant's Attorney/Representative:**

Law Offices of Melo and Sarsfield, LLP  Attention: Marguerite Melo

113 Church Street #222, Visalia CA, 93291

**GC Section 910(b)  Post Office Address to Which All Notices Regarding this Matter Are to be Sent:**

Law Offices of Melo and Sarsfield, LLP, 4216 S. Mooney Blvd, PMB 136, Visalia, CA 93277

**GC Section 910(c)  Date, Place and Circumstances of Occurrence:**

Ms. Jennifer Rios was until her firing an employee of the Exeter Ambulance District (EDA). EDA is a governmental agency subject to the provisions of the constitutions of the United States and the State of California, as well as the laws of the United States and the State of California.

She was employed by EDA from roughly August 2010 until she was fired on/about June 30, 2017. She was employed as a paramedic for the EDA.

On or about January 30, 2017, Ms. Rios filed a formal complaint with the president/presiding board member Allen Sherer. The complaint was written and is incorporated by reference into this document. The complaint reports to Mr. Sherer Ms. Rios' belief that EDA board member Tony Miller had violated the law in regards to the EDA. See the complaint "Exhibit A" for the exact language of her complaint.

Following the departure of Ms. Kim Damico (former EDA manager) that occurred on/about January 30, 2017, Ms. Rios witnessed board member Tony Miller removing what she believed to be personnel files from the EDA office. Theft of governmental files is a violation of the law. Ms. Rios reported her observation (what she believed to be a violation of the law) to EDA board president Sherer when she met with him in early February 2017. During that meeting, Mr. Sherer acknowledged that board member Miller had no legal authority to remove files from the EDA premises, or words to the effect.

Throughout the month of February, Ms. Rios spoke with Mr. Sherer on repeated occasions about what she believed was illegal harassment being done by board member Tony Miller towards herself and others employed at the EDA. Mr. Sherer stated to her on multiple occasions words to the effect that she should be patient and that they were working on things.

Also in February 2017, Ms. Rios, in her private capacity as a citizen, began working on the recall drive against EDA board members Mr. Miller and Ms. Darinda Kunkle to remove them from their elected positions at the EDA. Her involvement in the recall petition drive was well know throughout the community. On information and belief, board members Tony Miller and Darinda Kunkle were aware of Ms. Rios' involvement in the recall drive.

On or about May 6, 2017, at approximately 9:30 am, Ms. Rios was contacted by Casey Randall, a Paramedic shift supervisor at EDA. She (Ms. Randall) reported that the EDA's supply of narcotics were gone from the safe. Ms Rios advised her to report what Ms. Rios believed to be a theft to the police. Ms. Randall did so.

The following week, Ms. Rios was interviewed by Detective Phelps from the Exeter Police Department in regards to the apparent theft of narcotics from the EDA safe. Ms. Rios told the detective words to the effect:

> "that at a recent EDA board meeting Mr Miller made a huge deal about there being a security issues. So big that it was odd. I (Ms. Rios) stated to Mr Phelps that I worked the following Monday and Tuesday May 1 and 2 and that my partner and I had slept all night and did not get many calls but I believed it would be easy to pull the security records to see that a security code would have been punched in one of those nights and that *I was certain that it was Mr Miller and Mrs Linda Miller* because she (referring to Mrs. Miller) was an expert at getting inside that safe which was difficult to open even with the code. I stated to him that she was asked to open the safe every time Lifestar Manager Jackie Paul needed to get in to the safe and that she also knew how to get into the locked doors with a credit card and that I had seen her do it when supply door had gotten inadvertently locked."

Following Ms. Rios' interview with the police regarding the theft of narcotics and her belief that board member Mr. Tony Miller had been involved, the interim district administrator/manager for the EDA, Mr. TJ Fischer, reported to Ms. Rios that board member Tony Miller had "directed" him to re-open an investigation against Ms. Rios regarding some alleged misconduct that had supposedly occurred in the fall of 2016. (Ms. Rios had already been subjected to multiple investigations into that matter and "cleared."). Interim manager TJ Fischer indicated in this conversation with Ms. Rios that board member Tony Miller was looking for any reason (a pretext) to fire Ms. Rios, or words to that effect.

On or about May 23, 2017, at the EDA board meeting, Board Member Tony Miller responded to the recall notice that had been filed against him. In his response, he indicated that he was aware of the allegations that he had illegally removed files from the office in January, or words to that effect.

On or about June 28, 2017, board President Sherer and board member Rob Hubbard resigned from office, leaving board member Tony Miller and board member Darinda Kunkle effectively in control of the EDA. Board member Walter had previously tendered her resignation earlier that year.

On June 30, 2017, Ms. Rios was summoned to interim manager TJ Fischer's office and told that the "board" had directed him to fire her. He stated words to the effect, "You are an at will employee and your services are no longer needed."

On information and belief. EDA, through the actions and direction of board members Tony Miller and Darinda Kunkle (as carried out by interim manager TJ Fischer) terminated Ms. Rios' employment in retaliation for her reporting her belief to the government (both the EDA and local police) that Mr. Miller had engaged in criminal wrongdoing and other violations of the law. Further, their actions were also motivated by retaliatory animus to punish her for her involvement in the recall campaigns against both board members Miller and Kunkle.

## GC Section 910(d) A General Description of the Injury:

As a result of the actions/omissions of the Exeter Ambulance District and Mr. Tony Miller (Director), Ms. Darinda Kunkel (Director) Mr. TJ Fischer (Manager) as well as Does 1-15 (as yet unknown employees/agents of the Exeter Ambulance District, Ms. Jennifer Rios has suffered economic injury (loss of salary and benefits) by the wrongful termination of her employment with the Exeter Ambulance District in violation of California and Federal law. She has also suffered an infringement/violation of her civil rights.

## GC Section 910(e) Names of the Employees Causing the Injury:

Board Member (Director) Tony Miller, Board Member (Director) Darinda Kunkel, District Manager TJ Fischer, and unknown Exeter Ambulance District (Doe) employees/agents during the timeframe described in the above paragraphs, Numbers 1 through 15 .

## GC Section 910(f) The Amount Claimed for Damages:

The amount claimed against the Exeter Ambulance District, Director Tony Miller, Director Darinda Kunkel, Manager TJ Fischer, and each unknown Doe (Numbers 1 - 15) individual

exceeds $10,000.00. The matter would be filed in Superior Court as "unlimited jurisdiction."

Thank you for your prompt attention to this matter.

Sincerely,

LAW OFFICES OF MELO AND SARSFIELD LLP

Marguerite Melo, Esq.

# Exhibit "A"

January 30, 2017

Dear Mr Sherer,

I am filing a formal complaining against Mr Tony Miller. Since the moment he has been appointed to the board, Mr Miller has made false accusations against me and he has stated he has intentions to have me along with several other colleagues terminated. In an incident with blackmail that was already investigated by the board, Mr Miller named me in a conversation to Mr Michael Hansen that he was attempting him to falsify statements to say that I was involved in an alleged incident that occurred at Exeter Ambulance in 2014.

I am also filing a formal complaint concerning Mr Miller removing property from Exeter Ambulance between 9 pm and 10:18 pm on Thursday January 26, 2017. Mr Miller was witness by myself and Savannah Lester, removing two boxes from the premises and placing them in Linda Millers car. He arrived in the board meeting in his truck and left in the same, and then returned in her vehicle, in what appears to be an attempt to be at the property when no one else was around. He seemingly waited until all the crews were not at the station. Two crews drove up unexpectedly as he was loading documents into the vehicle. He stated in the special meeting on January 30, 2017, that no one had entered the office. The blinds of the office are open and you can see that the personnel file cabinet is open and ajar. This cabinet is to be locked at all times and had been so at all times since Manager Kim Damico has been in charge. I believe Mr Miller has removed personnel records from the property which I was advised was a felony and Exeter Police Department has been contacted and a report is in process of being filed. Mr Miller was then witnessed driving toward his home by Paul Blair, Savannah Lester, and myself at 22:18. I contacted Mr Sherer to let him know what I witnessed at 22:16 . It is my belief that he took those documents home and Mrs Miller was given free access to said information including personnel records. I believe with Mr Millers history and stated intentions, there is no way to tell whether he removed or planted items inside of Mr Damicos office in an attempt to further push his agenda and try to bring validity to his false statements and accusations of improprieties that have recently been stated at board meetings. Mr Miller was unsupervised and appeared to be alone in the office for seemingly over an hour which left him plenty of time to remov or plant items without there being a witness.

The next morning, Matt Caserza attempted to enter our office and discovered that the deadbolt had been engaged. I checked at approximately 08:15 the same day that it was indeed locked. I was not advised or notified that I was under any sort of investigation, reprimand or any reason why my door should have been locked. Matt Caserza called Mr Sherer and asked why his door was locked as we had critical things that we needed to get done as part of our daily job duties and having no access to the office was an issue. Mr Sherer stated he had no idea why it was locked. He stated to call Mrs Miller and ask her for a key. She pretended that she wasn't certain if she had a key and then stated to matt it was the same key that opened both locks. That statement made by Mrs Miller is a blatant lie because the bottom locks were changed upon Mrs Damico taking possession of the management position, the top locks were not changed due to an unnecessary expense being incurred to EDA that we felt at the time we could not justify. Matt Caserza asked Mr Miller in open session on January

30, 2017 if the board had directed him to lock our doors, he state that he had locked the doors under board direction and Matt stated that Mr Sherer did not know why the door was locked and asked how that could be possible that he was directed to lock the doors without the board presidents knowledge. Neither Matt or myself have ever been advised that we were under investigation and were going to be locked out of our office. Mr Miller hindered both Matt and myself from performing our job duties.

And lastly I am filing a formal complaint concerning unauthorized distribution of private board discussions and information to Linda Miller. Three weeks ago, I received information from Krisha Rasmussen that the woman who does her nails, Louise Gonzalez, advised Mrs Rasmussen that Linda has been sharing information about the goings on of the board for many months and that "there will be a new manager by next board meeting". This has not been disclosed to anyone in public session so there would be no way for her to know this information, given the events that unfolded today, it is logical to assume that Mr Miller is disclosing confidential information to Mrs. Miller.

I believe that Mr Miller is targeting myself and several of my colleagues, and has stated such, due to Mrs Miller attempting to have myself and my colleagues fired due to her job status being in jeopardy. Mr Miller has a personal vendetta against myself and is creating a hostile work environment, and I feel threatened by him and his tendencies to intimidate people. I am requesting that the Board look into these matters and that they be investigated fully.


Jenn ifer Rios

Paramedic/Operations Supervisor

Exeter District Ambulance

# Exhibit B

1  MATTHEW E. FARMER, Bar No. 190484
   JAMES P. VAN, Bar No. 303853
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, California 93704.2225
   Telephone:   559.244.7500
4  Facsimile:   559.244.7525

5  Attorneys for Defendant
   EXETER DISTRICT AMBULANCE
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF TULARE

10 JENNIFER RIOS,                          Case No.  271895

11            Plaintiff,                   **NOTICE TO PLAINTIFF OF REMOVAL
                                           OF CIVIL ACTION TO FEDERAL COURT**
12       v.
                                           ASSIGNED FOR ALL PURPOSES TO JUDGE
13 EXETER DISTRICT AMBULANCE, TJ           BRET D. HILLMAN
   FISCHER, and DOES 1 through 10,
14 inclusive,

15            Defendants.                  Trial Date:      TBD
                                           Complaint Filed:  November 28, 2017
16

17         PLEASE TAKE NOTICE that on January 5, 2018, Defendant Exeter District

18 Ambulance filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 in the United

19 States District Court for the Eastern District of California.  The above-captioned matter was removed

20 from the Superior Court of the State of California, County of Tulare, where it was previously

21 pending, to the United States District Court for the Eastern District of California.  A copy of the

22 Notice of Removal filed by Defendant Exeter District Ambulance is attached as Exhibit 1.

23 Dated: January  5 , 2018

24

25

26                                         MATTHEW E. FARMER
                                           JAMES P. VAN
27                                         LITTLER MENDELSON, P.C.
                                           Attorneys for Defendant
28                                         EXETER DISTRICT AMBULANCE

Notice to State Court of Removal of Civil Action to Federal Court

# Exhibit 1

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On January 5, 2018, I served the within document(s):

**NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

   ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Firmwide:152103893.1 096377.1000

PROOF OF SERVICE

1
2
3

☐    **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

4
5

☐    **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

6
7
8
9
10
11

John J. Sarsfield
Marguerite Melo
LAW OFFICES OF MELO AND SARSFIELD LLP
4216 S. Mooney Blvd., PMB 136
Visalia, California  93277
Facsimile:  559.732.3005
Email:  meloandsarsfield@icloud.com
*Attorneys for Plaintiff*

12
13
14

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

15

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on January 5, 2018, at Fresno, California.

16
17
18

Dora Dong

19
20
21
22
23
24
25
26
27
28

Firmwide:152103893.1 096377.1000

2.

PROOF OF SERVICE

# Exhibit C

1  MATTHEW E. FARMER, Bar No. 190484
   JAMES P. VAN, Bar No. 303853
2  LITTLER MENDELSON, P.C.
   5200 North Palm Avenue, Suite 302
3  Fresno, California  93704.2225
   Telephone:   559.244.7500
4  Facsimile:   559.244.7525

5  Attorneys for Defendant
   EXETER DISTRICT AMBULANCE
6

7

8                      SUPERIOR COURT OF CALIFORNIA

9                           COUNTY OF TULARE

10  JENNIFER RIOS,                        | Case No.  271895

11              Plaintiff,                | **NOTICE TO STATE COURT OF
                                          | REMOVAL OF CIVIL ACTION TO**
12        v.                              | **FEDERAL COURT**

13  EXETER DISTRICT AMBULANCE, TJ         | ASSIGNED FOR ALL PURPOSES TO JUDGE
    FISCHER, and DOES 1 through 10,       | BRET D. HILLMAN
14  inclusive,

15              Defendants.
                                          | Trial Date:      TBD
16                                        | Complaint Filed:  November 28, 2017

17

18        PLEASE TAKE NOTICE that on January 5, 2018, the above-captioned matter was

19  removed from the Superior Court of the State of California, County of Tulare, where it was

20  previously pending, to the United States District Court for the Eastern District of California,

21  pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  A copy of the Notice of Removal filed by

22  Defendant Exeter District Ambulance is attached as Exhibit 1.

23  Dated: January  5  , 2018

24

25                                        MATTHEW E. FARMER
                                          JAMES P. VAN
26                                        LITTLER MENDELSON, P.C.
                                          Attorneys for Defendant
27                                        EXETER DISTRICT AMBULANCE

    Firmwide:152113776.1 096377.1000
28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Notice to State Court of Removal of Civil Action to Federal Court

# Exhibit 1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On January 5, 2018, I served the within document(s):

**NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and *(specify one):*

    ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

    ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at: **Fresno, California.**

☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Firmwide:152103893.1 096377.1000

PROOF OF SERVICE

1

2

3

☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

4

5

☐ **By electronic service.** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the persons at the electronic service addresses listed below.

6

7

8

9

10

11

John J. Sarsfield
Marguerite Melo
LAW OFFICES OF MELO AND SARSFIELD LLP
4216 S. Mooney Blvd., PMB 136
Visalia, California 93277
Facsimile: 559.732.3005
Email: meloandsarsfield@icloud.com
*Attorneys for Plaintiff*

12

13

14

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

15

16

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 5, 2018, at Fresno, California.

17

18

Dora Dong

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Firmwide:152103893.1 096377.1000

2.

PROOF OF SERVICE