1  LITTLER MENDELSON, P.C.
   MATTHEW E. FARMER, Bar No. 190484
2  JAMES P. VAN, Bar No. 303853
   5200 North Palm Avenue, Suite 302
3  Fresno, California 93704.2225
   Telephone: 559.244.7500
4  Facsimile:  559.244.7525
   mfarmer@littler.com
5  jpvan@littler.com

6  Attorneys for Defendant
   EXETER DISTRICT AMBULANCE
7

8                 UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10                     FRESNO DIVISION

11

12 | JENNIFER RIOS,                    | Case No.  1:18-cv-00034-DAD-EPG

13 |          Plaintiff,               | **DEFENDANT EXETER DISTRICT AMBULANCE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

14 | v.

15 | EXETER DISTRICT
   | AMBULANCE, TJ FISCHER, and
16 | DOES 1 through 10, inclusive,

17 |          Defendants.

18

19        COMES NOW Defendant EXETER DISTRICT AMBULANCE

20 ("Defendant"), and answering for itself alone and for no other Defendant, hereby

21 answers the Complaint for Damages ("Complaint") of Plaintiff JENNIFER RIOS

22 ("Plaintiff") as follows:

23                     **JURISDICTION AND VENUE**

24        1.    In response to paragraph 1 of the Complaint, Defendant alleges

25 that no answer is required as it consists entirely of legal argument and/or assertions.

26 To the extent that an answer is required, Defendant admits that this Court has original

27 federal question jurisdiction of the action pursuant to 28 U.S.C. §1331, 1441, and

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno CA 93704 2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

CASE NO. 1:18-CV-00034-DAD-EPG

1   1446.  The Court also has supplement jurisdiction over the state law claim pursuant to

2   28 U.S.C. §1367 because the state law claim arises out of the same case or

3   controversy.

4          2.   In response to paragraph 2 of the Complaint, Defendant alleges

5   that no answer is required as it consists entirely of legal argument and/or assertions.

6   To the extent that an answer is required, Defendant admits venue is proper in this

7   district pursuant to 28 U.S.C. § 1391.

8   **PARTIES**

9          3.   In response to paragraph 3 of the Complaint, Defendant admits in

10   part and denies in part.  Defendant admits Plaintiff was previously employed by EDA.

11   As to the balance of the paragraph, Defendant currently lacks sufficient information to

12   admit or deny and on that basis, denies the balance of said paragraph in its entirety.

13          4.   In response to paragraph 4 of the Complaint, Defendant admits that

14   paragraph in its entirety.

15          5.   In response to paragraph 5 of the Complaint, Defendant admits that

16   paragraph in its entirety.

17          6.   In response to paragraph 6 of the Complaint, Defendant admits in

18   part and denies in part.  Defendant admits TJ Fisher was previously employed by

19   EDA most recently as an interim manager and that he reported to the Board.  As to the

20   balance of the paragraph, Defendant currently lacks sufficient information to admit or

21   deny and on that basis, denies the balance of said paragraph in its entirety.

22          7.   In response to paragraph 7 of the Complaint, Defendant alleges

23   that no answer is required as it consists entirely of legal argument and/or assertions.

24   To the extent that an answer is required, Defendant denies the allegations contained

25   therein.

26          8.   In response to paragraph 8 of the Complaint, Defendant alleges

27   that no answer is required as it consists entirely of legal argument and/or assertions.

28   To the extent that an answer is required, Defendant denies the allegations contained

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

2.

CASE NO. 1:18-CV-00034-DAD-EPG

1  therein.

## EXHAUSTION OF REMEDIES/ADMINISTRATIVE CLAIM

9.    In response to paragraph 9 of the Complaint, Defendant alleges that no answer is required as it consists entirely of legal argument and/or assertions. To the extent that an answer is required, Defendant lacks information or belief sufficient to answer the allegations contained therein and on that basis denies each and every allegation of said paragraph.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.    In response to paragraph 10 of the Complaint, Defendant admits that Plaintiff was an employee for Exeter District Ambulance ("EDA"). Except as so expressly admitted and with regard to any and all remaining allegations Paragraph 10 of the Complaint, Defendant alleges that no answer is required as it consists entirely of legal argument and/or assertions. To the extent that an answer is required, Defendant denies the allegations contained therein.

11.    In response to paragraph 11 of the Complaint, Defendant admits that Plaintiff was employed as a paramedic for the EDA. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 11 of the Complaint, Defendant lacks information or belief sufficient to answer the remaining allegations contained therein and on that basis denies each and every allegation of said paragraph.

12.    In response to paragraph 12 of the Complaint, Defendant admits that Allen Sherer was the president/presiding board member of the EDA. Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 12 of the Complaint, Defendant lacks information or belief sufficient to answer the remaining allegations contained therein and on that basis denies each and every allegation of said paragraph.

13.    In response to paragraph 13 of the Complaint, Defendant lacks sufficient information to form a belief as to the purported truth of the allegations

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

3.

CASE NO. 1:18-CV-00034-DAD-EPG

1  contained therein and on that basis denies each and every allegation contained therein.

2          14.    In response to paragraph 14 of the Complaint, Defendant lacks

3  sufficient information to form a belief as to the purported truth of the allegations

4  contained therein and on that basis denies each and every allegation contained therein.

5          15.    In response to paragraph 15 of the Complaint, Defendant lacks

6  sufficient information to form a belief as to the purported truth of the allegations

7  contained therein and on that basis denies each and every allegation contained therein.

8          16.    In response to paragraph 16 of the Complaint, Defendant lacks

9  sufficient information to form a belief as to the purported truth of the allegations

10  contained therein and on that basis denies each and every allegation contained therein.

11          17.    In response to paragraph 17 of the Complaint, Defendant lacks

12  sufficient information to form a belief as to the purported truth of the allegations

13  contained therein and on that basis denies each and every allegation contained therein.

14          18.    In response to paragraph 18 of the Complaint, Defendant lacks

15  sufficient information to form a belief as to the purported truth of the allegations

16  contained therein and on that basis denies each and every allegation contained therein.

17          19.    In response to paragraph 19 of the Complaint, Defendant admits in

18  part and denies in part.  Defendant admits Plaintiff's employment with EDA was

19  terminated on or about June 30, 2017.  As to the balance of the paragraph, Defendant

20  currently lacks sufficient information to admit or deny and on that basis, denies the

21  balance of said paragraph in its entirety.

22          20.    In response to paragraph 20 of the Complaint, Defendant denies

23  each and every allegation contained therein.

24          21.    In response to paragraph 21 of the Complaint, Defendant denies

25  each and every allegation contained therein.

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

4.

CASE NO. 1:18-CV-00034-DAD-EPG

## FIRST CAUSE OF ACTION

### (As to Defendants Exeter District Ambulance and TJ Fischer)

### (42 U.S.C. Section 1983 Violation of the First and Fourteenth Amendment to the US Constitution and Monell Violation)

22.     In response to paragraph 22 of the Complaint, which incorporates by reference paragraphs 1-21 of the Complaint, Defendant likewise incorporates its responses herein to paragraphs 1-21 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Defendant admits that TJ Fischer was the interim manager of the EDA.  Except as so expressly admitted and with regard to any and all remaining allegations in Paragraph 23 of the Complaint, Defendant lacks information or belief sufficient to answer the remaining allegations contained therein and on that basis denies each and every allegation of said paragraph.

24.     In response to paragraph 24 of the Complaint, Defendant denies each and every allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Defendant denies each and every allegation contained therein.

26.     In response to paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27.     In response to paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (As to Defendant Exeter District Ambulance, Only)

### (Retaliation in Violation of Labor Code § 1102.5)

28.     In response to paragraph 28 of the Complaint, which incorporates by reference paragraphs 1-27 of the Complaint, Defendant likewise incorporates its responses herein to paragraphs 1-27 of the Complaint.

29.     In response to paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

LITTLER MENDELSON, P.C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint          5.          CASE NO. 1:18-CV-00034-DAD-EPG

1    29.    [Duplicative paragraph 29] In response to duplicative paragraph 29

2  of the Complaint, Defendant denies each and every allegation contained therein.

3                        **PRAYER FOR RELIEF**

4    Answering the Prayer of the Complaint, it is a prayer for relief that does

5  not permit or require a response.  Notwithstanding this fact, Defendant submits that

6  Plaintiff is not entitled to the relief sought in Prayer of the Complaint.

7                      **AFFIRMATIVE DEFENSES**

8    Without waiving or excusing the burden of proof of Plaintiff, or

9  admitting that Defendants have any burden of proof, Defendants assert the following

10  affirmative defenses:

11                  **FIRST AFFIRMATIVE DEFENSE**

12    As a separate and distinct affirmative defense, Defendant alleges that the

13  Complaint and each cause of action therein fail to state facts sufficient to constitute a

14  cause of action upon which relief can be granted.

15                 **SECOND AFFIRMATIVE DEFENSE**

16    As a separate and distinct affirmative defense, Defendant alleges that the

17  Complaint and each cause of action set forth therein are barred by the doctrine of

18  unclean hands.

19                  **THIRD AFFIRMATIVE DEFENSE**

20    As a separate and distinct affirmative defense, Defendant alleges that the

21  Complaint and each cause of action set forth therein are barred by the doctrine of

22  waiver.

23                 **FOURTH AFFIRMATIVE DEFENSE**

24    As a separate and distinct affirmative defense, Defendant alleges that the

25  Complaint and each cause of action set forth therein are barred by the doctrine of

26  estoppel.

27  / / /

28  / / /

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint          6.          CASE NO. 1:18-CV-00034-DAD-EPG

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of consent.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because after-acquired evidence bars any remedy or certain remedies in this action.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because to the extent that Plaintiff may be entitled to any recovery, any recovery must be reduced by reason of Plaintiff's failure to mitigate their damages, if any.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking damages for emotional and/or physical injury are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et seq.*, and  Section 132a of the California Labor Code, in that: (1) the injuries complained of occurred when both Plaintiff and Defendant were subject to California Labor Code sections 3600-3601; (2) at the time of the alleged injuries, Plaintiff was performing services incidental to her employment and were acting within the course

and scope of their employment; and (3) Plaintiff alleges that the injuries were caused by her employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because they are barred by the applicable statute of limitations, including without limitation those set forth in 42 USC § 2000e-5(f)(1), Code of Civil Procedure Sections 338(a), 340(a), and 335.1.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are barred to the extent that Plaintiff failed to timely invoke and/or fully exhaust administrative or contractual remedies available to her as required by a litigant seeking damages under California Labor Code section 1102.5. (See *Campbell v. Regents of the Univ. of California*, 35 Cal.4th 311, 333-34 (2005).)

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's cause of action under California Labor Code section 1102.5 is barred because Plaintiff did not report or disclose any information to a government or law enforcement agency and cannot show she engaged in any activity protected by California Labor Code section 1102.5.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims for damages as set forth in the Complaint are barred by the doctrine of avoidable consequences.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

8.

CASE NO. 1:18-CV-00034-DAD-EPG

recovery to which Plaintiff might otherwise allegedly be entitled must be offset by all sums received by Plaintiff from any source, including, but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, pension benefits, and any sums earned by Plaintiff in other employment.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Defendant's conduct was protected by the managerial privilege in that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff failed to exercise reasonable and ordinary care, caution and/or prudence in order to avoid the alleged incidents, and the alleged injuries and damages, if any in fact were suffered and such, were proximately caused and/or contributed to by Plaintiff's own negligent and/or intentional conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the entire Complaint, and each cause of action alleged therein, is barred by Plaintiff's, failure to exhaust administrative remedies.

LITTLER MENDELSON, P C
5200 North Palm Avenue
Suite 302
Fresno, CA 93704 2225
559 244 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint

9.

CASE NO. 1:18-CV-00034-DAD-EPG

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants' allege that the Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust all internal grievance and/or complaint procedures including, but not limited to, the requirements of the Government Tort Claims Act found at Government Code section 810 *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that with respect to the Complaint and each cause of action alleged therein, any damages incurred by Plaintiff were directly and proximately caused and contributed to by the acts, conduct and/or omissions of third persons and/or entities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that some or all of the claims for damages are barred by the doctrine of set-off.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, is barred because if any unlawful retaliatory motive existed in connection with any employment decision involving Plaintiff, such employment decision would have been the same irrespective of any allegedly unlawful retaliatory motive.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each cause of action therein, is barred to the extent Plaintiff's claims are prohibited by the California Government Claims Act, including California Government Code sections 810 *et seq.*

### RESERVATION OF ADDITIONAL DEFENSES

Defendant alleges that because Plaintiff's Complaint is couched in conclusory terms, all affirmative defenses that may be applicable cannot be fully

anticipated at this time.   Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is reserved. Additionally, Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

## PRAYER

WHEREFORE, Defendant prays as follows:

1.    That Plaintiff takes nothing by way of the Complaint on file herein;

2.    That judgment be awarded in favor of Defendant;

3.    That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

4.    That Defendant be awarded all costs of suit incurred by it in this action;

5.    That Defendant be awarded its reasonable attorneys' fees; and

6.    For such other and further relief as the Court may deem just and proper.


Dated:   January 31, 2018                    LITTLER MENDELSON, P.C.



By: /s/ Matthew E. Farmer
    MATTHEW E. FARMER
    JAMES P. VAN
    Attorneys for Defendant
    EXETER DISTRICT
    AMBULANCE

Firmwide:152218481.1 096377.1001

LITTLER MENDELSON, P C
123, North Palm Avenue
Suite 302
Fresno CA 93704 2225
559 744 7500

Def. Exeter District Ambulance's Answer and
Affirmative Defenses to Plaintiff's Complaint          11.          CASE NO. 1:18-CV-00034-DAD-EPG