JOHN SARSFIELD, Bar No.138971
MARGUERITE MELO, Bar No. 167782
meloandsarsfield@icloud.com
Law Offices of Melo and Sarsfield LLP
4216 S. Mooney Blvd PMB 136
Visalia, CA 93277-9143

Attorneys for Plaintiff,
Jennifer Rios

MATTHEW E. FARMER, Bar No. 190484
mfarmer@littler.com
JAMES P. VAN, Bar No. 303853
jpvan@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue, Suite 302
Fresno, California 93704.2225
Telephone: 559.244.7500
Facsimile:  559.244.7525

Attorneys for Defendant
EXETER DISTRICT AMBULANCE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JENNIFER RIOS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EXETER DISTRICT AMBULANCE, TJ FISCHER, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.  1:18-cv-00034-DAD-EPG<br><br>**JOINT SCHEDULING REPORT**<br><br>Date:　　　March 6, 2018<br>Time:　　　1:00 p.m.<br>Judge:　　　Judge Grosjean<br>Dept:　　　Courtroom #10, 6th Floor<br><br>Trial Date: TBD |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26 of the United States District Court for the Eastern District of California, Plaintiff Jennifer Rios ("Plaintiff"), and Defendant Exeter District Ambulance ("Defendant") (collectively, the "Parties"), hereby submit the following Joint Report.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

CASE NO. 1:18-CV-00034-DAD-EPG                                                                                              Joint Scheduling Report

I. **SUMMARY OF THE FACTUAL AND LEGAL CONTENTIONS OF THE PARTIES SET FORTH IN THE PLEADINGS, INCLUDING THE RELIEF SOUGHT**

   A. **Plaintiff's Contentions** Plaintiff Rios was employed as a paramedic for the local special district (governement agency) known as Exeter District Ambulance (EDA). She reported to the local police her believe that a board member of the EDA had illegally taken controlled narcotics. Rios was interviewed by the local police regarding her report. Shortly after reporting the information and submitting to the interview, she was fired by Defendant Fischer on behalf of EDA. Plaintiff contends that the firing was in retaliation for her reporting the alleged criminal activity to the police.

   B. **Defendant's Contentions**

   Defendant denies Plaintiff's material allegations and further denies that Plaintiff is entitled to any relief whatsoever.

II. **PROPOSED AMENDMENTS**

   None at this time.

III. **PROPOSED DEADLINE FOR AMENDMENTS TO PLEADINGS**

   March 9, 2018.

IV. **SUMMARY OF UNCONTESTED AND CONTESTED FACTS**

   A. **Uncontested Facts**
   - Defendant Exeter District Ambulance is a special government district organized and operating under the laws of the State of California.
   - Defendant Exeter District Ambulance is governed by a five (5) person elected board of directors.

   B. **Contested Facts**
   - All issues of liability.
   - Whether Defendant terminated Plaintiff's employment for her reporting her belief of criminal wrongdoing and other violations by a board member to the police.
   - Whether Defendant terminated Plaintiff to punish and/or retaliate against her.
   - Whether Defendant's actions amounts to oppression, fraud, and/or malice.
   - Alleged damages of Plaintiff.

///

## V. SUMMARY OF THE LEGAL ISSUES

### A. Jurisdiction

The Parties concur that federal question jurisdiction exists under 28 U.S.C. §§ 1331.

### B. Venue

The parties concur that venue is proper in the U.S. District Court in and for the Eastern District of California, sitting in Fresno, California.

### C. The Applicable Law

The Parties concur that California Law primarily governs in this case.

## VI. SUMMARY OF THE DISPUTED LEGAL ISSUES

- Whether Defendant terminated Plaintiff's employment in retaliation for her reporting her belief of criminal wrongdoing and other violations by a board member to the police.
- Whether Defendant violated the First and Fourteenth Amendments of the U.S. Constitution, and comparable sections of the California Constitution when Defendant terminated Plaintiff's employment.
- Whether Defendant violated Plaintiff's rights under the Free Speech Clause and the Petition Clause of the First Amendment of the U.S. Constitution.
- Whether Defendant's actions were designed to punish and retaliate against Plaintiff for her exercising her rights under the Free Speech Clause and the Petition Clause of the First Amendment of the U.S. Constitution.
- Whether Defendant is guilty of oppression, fraud, and/or malice under California Civil Code section 3294.
- Whether Plaintiff is entitled to punitive damages.
- Whether Plaintiff suffered any damages.
- The amount of Plaintiff's damages, if any.
- The extent to which Plaintiff took steps to mitigate her damages, if any.

## VII. STATUS OF MATTERS PRESENTLY SET BEFORE THE COURT

The only matter presently set before the Court is the mandatory initial scheduling

conference noticed for Tuesday, March 6, 2019 at 10:00 a.m., in Courtroom #10, before U.S. Magistrate Judge Erica P. Grosjean. Defendant Fischer has yet to enter an answer to the complaint. He was served with a waiver of summons on/about February 6, 2018, which has been signed and returned to Plaintiff's counsel.

## VIII. DISCOVERY PLAN

Each of the proposed dates in this numbered paragraph in no small measure will depend on the trial date set by the Court.

A.  The exchange of Initial Disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, as amended, is set for Friday, March 2, 2018, by mail.

B.  Cut-Off Date for Non-Expert Discovery: August 24, 2018

C.  Date(s) for Disclosure of Expert Witnesses as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as amended: September 14, 2018; with supplemental disclosures by September 28, 2018.

D.  Cut-off date for Expert Witness Discovery: October 31, 2018.

E.  Proposed Changes in the Limits on Discovery: the Parties do not propose modifications of the discovery limits set forth in the Federal Rules of Civil Procedure.

F.  The parties are unaware of any need for a protective order relating to the discovery of information relating to a trade secret or other confidential research, development, or commercial information.

G.  The parties are not aware of any issues relating to the timing, sequencing, phasing or scheduling of discovery.

H.  The parties presently do not anticipate the need to take discovery outside the United States.

I.  Defendant anticipates the video and/sound recording of depositions.

J.  Proposed date for a Mid-Discovery Status Report and Conference: June 1, 2018.

///

///

## IX. DISCOVERY RELATING TO ELECTRONIC, DIGITAL AND/OR MAGNETIC DATA

The Parties represent that they have taken steps to preserve discoverable information in accordance with their obligations under the Federal Rules of Civil Procedure. Defendant has instituted a litigation hold and Plaintiff has preserved any and all electronic communications, such as emails or text messages, that may be discoverable.

## X. DATES PROPOSED BY ALL COUNSEL FOR

A. The filing of non-dispositive motions: filed by January 4, 2019.

B. Filing of dispositive pre-trial motions: filed by January 4, 2019.

C. Pre-trial conference date: February 18, 2019.

D. Trial date: February 28, 2019.

## XI. POTENTIAL FOR SETTLEMENT

Although the Parties certainly are open to the potential reasonable settlement of this dispute, it is difficult to assess the strengths or weaknesses of the Parties' positions before some discovery has been conducted. The Parties request that a Settlement Conference in this matter be set. The parties may also explore early mediation.

## XII. JURY TRIAL

Plaintiff has demanded a jury trial. Defendant has not made any demand for a jury trial and believes the case may be heard by the Court.

## XIII. ESTIMATE OF THE NUMBER OF TRIAL DAYS REQUIRED FOR THIS CASE

At this early state, it is difficult to estimate the length of trial. However, the Parties reasonably estimate that the case will require 5-7 days for trial.

## XIV. U.S. MAGISTRATE JUDGE JURISDICTION

Defendant does not consent to magistrate jurisdiction. Plaintiff has consented to magistrate jurisdiction.

///

///

## XV. BIFURCATION OR PHASING OF TRIAL

Defendant requests the punitive damages phase be bifurcated at trial.

## XVI. RELATED MATTERS

Neither party is aware of any other matter pending in this Court or any other court, including any bankruptcy court, which is related to the present case.

Dated: February 27, 2018

LITTLER MENDELSON, P.C.

By: /s/ Matthew E. Farmer
MATTHEW E. FARMER
JAMES P. VAN
Attorneys for Defendant
EXETER DISTRICT AMBULANCE

Dated: February 27, 2018

LAW OFFICES OF MELO AND SARSFIELD LLP

By: /s/ John Sarsfield
MARGUERITE MELO
JOHN SARSFIELD
Attorneys for Plaintiff
JENNIFER RIOS

Firmwide:152904243.1 096377.1001